UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

**UNITED STATES OF AMERICA**,	Case No. 3:13 CV 1475

    Plaintiff,

                                         Magistrate Judge James R. Knepp, II

    v.	MEMORANDUM OPINION AND ORDER

**ELEVEN THOUSAND SIX HUNDRED
FORTY DOLLARS IN U.S.
CURRENCY, ($11,640.00)**, **et al.**

    Defendants.

On July 9, 2013, Plaintiff United States of America filed a verified complaint in forfeiture (Complaint) pursuant to 21 U.S.C. §881(a)(6) against Defendants Eleven Thousand Six Hundred Forty Dollars ($11,640) and Two Thousand Fourteen Dollars ($2,014) (Defendant Currency). (Doc. 1). That same day, Cory D. Crawford was served with the Complaint. (Doc. 1, at 9). On July 26, 2013, Mr. Crawford, through counsel, filed a motion to dismiss the Complaint pursuant to Fed. R.Civ. P. 12(b)(6). (Doc. 3). However, while Mr. Crawford ostensibly filed an administrative claim for Defendant Currency, he did not contest the forfeiture by filing a claim with this Court as required by Fed. R.Civ.P. Supp. R. G(5)(a).[1]

Pursuant to Supp. R. G(5)(a) a person who asserts an interest in the defendant property of a forfeiture action may contest the forfeiture by filing a claim "in the court where the action is pending." The claim must be filed by "the time stated in the direct notice sent under Rule G(4)(b)." In this case, Claimant received direct notice when he was served with the Complaint

---

1. In his motion to dismiss, Mr. Crawford indicated he made a claim for the property and referenced Exhibit A; however, the Exhibit was not attached and, as examined by the docket in this case, no claim has been filed with the Court.

2

on July 9, 2013. (Doc. 1). However, while the Government sent direct notice, they failed to set "a deadline for filing a claim, at least 35 days after the notice is sent", as required by Supp. R. G(4)(b)(ii)(B). Nevertheless, even when a party is not given direct notice, i.e., a notice indicating a deadline to file a claim in federal court, they must file a claim no later than 60 days after the filing of a complaint, not counting any time when the complaint was under seal. Supp. R. G(5)(a)(ii)(C)(1).

Here, the Complaint was filed July 9, 2013, and the 60 day deadline to file a claim for the forfeited property has passed. (Doc. 1). Notwithstanding the deadline, Mr. Crawford is hereby granted leave to file a claim before the Court until **December 31, 2013**. However, because Mr. Crawford's claim is premature at this point, his motion to dismiss is **DENIED**, without prejudice, for failure file a claim pursuant to Supp. R. G(5)(a). Any dates previously set in this matter are vacated. Further Telephone Status Conference will be held April 9, 2014 at 9:30 a.m. The Court will initiate the call.

IT IS SO ORDERED.

                                                                                        s/James R. Knepp II
United States Magistrate Judge